### UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

**DAVID KENT CHAPLIN,**

        **Plaintiff,**                **CIVIL ACTION NO. 18-cv-12108**

        **v.**                      **DISTRICT JUDGE LAURIE J. MICHELSON**

**BETH A. ANDERSON** *et al.*,         **MAGISTRATE JUDGE MONA K. MAJZOUB**

        **Defendants.**

_____/

### REPORT AND RECOMMENDATION

On July 5, 2018, Plaintiff David Kent Chaplin, proceeding *pro se*, initiated this action pursuant to 42 U.S.C. § 1983 against Defendants Beth A. Anderson, Garry M. Greenberg, Sarahanne B. Anderson-Kevelin, Michael B. Kelly, Jeffrey A. Worosz, Jon Peters, and Karen D. McDonald, alleging violations of his First, Fifth, and Fourteenth Amendment rights. (Docket no. 1.) Plaintiff also purports to allege violations of criminal law and state law. (*Id.*) Plaintiff was granted permission to proceed *in forma pauperis* on August 14, 2018. (Docket no. 13.) This matter was then referred to the undersigned for all pretrial matters on October 4, 2018. (Docket no. 14).

### I.      RECOMMENDATION

For the reasons that follow, it is recommended that this matter be **DISMISSED** in its entirety for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B). In light of this recommendation, it is further recommended that Plaintiff's Motion for Declaratory Relief (docket no. 4), Motion for Injunctive Relief (docket no. 5), and Motion for Relief from Judgment (docket no. 6) be **DENIED** as moot.

## II.     REPORT

### A.     Plaintiff's Complaint

Plaintiff's Complaint is long, and his claims are difficult to discern.  The Court will summarize as best as possible the gravamen of the Complaint.

Plaintiff was married to Defendant Beth Anderson.  Plaintiff alleges that Ms. Anderson's daughter, Defendant Sarahanne Anderson-Kevelin, along with Brian Kevelin, Heidi Kevelin, and Eugene Kevelin, coerced Ms. Anderson to accompany them to the Oakland County Sheriff's Department substation, where Ms. Anderson-Kevelin made conflicting statements to the police about being sexually assaulted by Plaintiff.  Defendant Detective Jon Peters of the Oakland County Sheriff's Department and another deputy allegedly encouraged Ms. Anderson-Kevelin to obtain a personal protection order (P.P.O.) against Plaintiff.  The P.P.O. proceedings were initiated against Plaintiff before Defendant Judge Karen D. McDonald of the Family Division of the Oakland County Circuit Court.  Plaintiff claims that Ms. Anderson-Kevelin used false testimony to obtain an initial *ex parte* P.P.O.  Plaintiff claims that Ms. Anderson-Kevelin subsequently obtained renewals of the P.P.O. before Judge McDonald.  Plaintiff claims that Ms. Anderson-Kevelin used false and conflicting information each time to obtain an extension of the P.P.O.  Plaintiff further claims that Judge McDonald violated his constitutional rights at each of the hearings on the P.P.O.s by using this false information and by refusing to allow Plaintiff to testify or offer evidence at these hearings.  Plaintiff further claims that at each of these hearings, Judge McDonald violated the law by renewing the P.P.O. without any specific facts showing that Ms. Anderson-Kevelin was in danger of "immediate and irreparable injury, loss, or damage" as required by M.C.R. 3.705(A)(2).  Plaintiff claims that Ms. Anderson-Kevelin was represented at least at some of the

P.P.O. hearings by Defendants Michael Kelly or Jeffrey Worosz.  Plaintiff indicates that at a hearing on August 22, 2017, Judge McDonald allowed the P.P.O. to expire as of July 25, 2017.

Plaintiff claims that Defendant Peters obtained an arrest warrant against Plaintiff based on false and perjured statements.  Plaintiff was ultimately convicted of third- and fourth-degree criminal sexual conduct and is currently serving a sentence of 4 years, 7 months to 15 years in prison for the third-degree criminal sexual conduct crime, his sentence of 1-2 years in prison on the fourth-degree criminal sexual conviction having already expired.[1]

Plaintiff further alleges that his ex-wife, Defendant Beth Anderson, and Defendant Garry Greenberg, Ms. Anderson's divorce attorney, violated his civil rights during the course of Plaintiff's and Ms. Anderson's divorce proceedings in the Oakland County Circuit Court.[2] Plaintiff alleges that Ms. Anderson and her attorney engaged in several deceitful actions during the course of the divorce proceedings.  Plaintiff alleges that Ms. Anderson and Mr. Greenberg filed several motions during the divorce without providing him notice, causing the state court to conduct several hearings in his absence.  Plaintiff alleges that Judge McDonald presided over the divorce proceedings.  Plaintiff alleges that Judge McDonald wrongly awarded his portion of the marital estate to Anderson.  Plaintiff further contends that some of his firearms were unlawfully seized as part of the divorce case.  Plaintiff claims that Defendant Judge McDonald knowingly permitted Ms. Anderson and Mr. Greenberg to engage in this fraudulent and perjurious conduct.

[1] The Court obtained some of this information from the Michigan Department of Corrections Offender Tracking Information System (OTIS), of which the Court is permitted to take judicial notice.  *See Ward v. Wolfenbarger,* 323 F. Supp. 2d 818, 821, n.3 (E.D. Mich. 2004).

[2] Plaintiff brought a virtually identical lawsuit against Defendants Anderson and Greenberg, in which he challenged the validity of the divorce proceedings.  The case was dismissed for failing to state a claim upon which relief could be granted. *Chaplin v. Anderson, et. al.,* No. 5:17-cv-13139 (E.D. Mich. Dec. 12, 2017) (O'Meara, J.) (adopting report and recommendation of magistrate judge).

Plaintiff alleges that all of the above actions violated his First Amendment right of access to the courts and denied him his right to equal protection and violated his due process rights under the Fifth and Fourteenth Amendments.  Plaintiff argues that that Defendants Anderson and Greenberg committed wire fraud and/or mail fraud, in violation of 18 U.S.C. §§ 1341 and 1343. Plaintiff also asserts various other criminal and state law claims.  As relief, Plaintiff seeks declaratory and injunctive relief and monetary damages.

### B.      Governing Law and Analysis

Pursuant to 28 U.S.C. § 1915(e)(2)(B), a district court has a duty to dismiss at any time a case in which the plaintiff is proceeding *in forma pauperis* if it determines that the action is frivolous or malicious or fails to state a claim on which relief may be granted.  28 U.S.C. § 1915(e)(2)(B).  A complaint is frivolous if it lacks an arguable basis in law or in fact.  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  "A complaint lacks an arguable basis in law or fact if it contains factual allegations that are 'fantastic or delusional' or if it is based on legal theories that are indisputably meritless."  *Brown v. Bargery*, 207 F.3d 863, 866 (6th Cir. 2000).  A complaint fails to state a claim on which relief may be granted if fails to contain facts sufficient to state a claim to relief that is plausible on its face.  *Bishop v. Lucent Tech., Inc.*, 520 F.3d 516, 519 (6th Cir. 2008) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

The undersigned notes that "*[p]ro se* complaints are to be held 'to less stringent standards than formal pleadings drafted by lawyers, and should therefore be liberally construed."  *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (citation omitted).  Even so, a *pro se* plaintiff's complaint must meet basic pleading standards.  *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989). In this case, even viewing the limited factual allegations in the light most favorable to Plaintiff,

Plaintiff's filings fail to state any basis for relief or set forth facts sufficient to state any plausible claim against Defendants.

       1.     *Defendants Anderson, Greenberg, Anderson-Kevelin, Kelly, and Worosz*

To prevail on a § 1983 claim, a plaintiff must prove "that (1) a person, (2) acting under color of state law, (3) deprived the plaintiff of a federal right." *Berger v. City of Mayfield Heights*, 265 F.3d 399, 405 (6th Cir. 2001) (citations omitted).  Defendants Anderson, Greenberg, Anderson-Kevelin, Kelly, and Worosz are private parties.  A private party may be deemed to be a state actor and thus acting under the color of law if the party's actions are "fairly attributable to the State."  *Revis v. Meldrum*, 489 F.3d 273, 289 (6th Cir. 2007) (citing *Lugar v. Edmondson Oil Co., Inc.*, 457 U.S. 922, 937 (1982)); *West v. Atkins*, 487 U.S. 42, 49 (1988).  In order to act under the color of state law, a defendant in a § 1983 action must have exercised the power "possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law."  *West v. Atkins*, 487 U.S. 42, 49 (1988) (citations omitted).  Defendant Anderson-Kevelin's act of obtaining a P.P.O. against Plaintiff does not make her a state actor, for purposes of § 1983.  *See Tahfs v. Proctor*, 316 F.3d 584, 592 (6th Cir. 2003).  Likewise, Defendant Anderson is not a state actor.  "An ex-wife, even when an ex-wife acts with her divorce attorney(s), is not a state actor."  *Milgrom v. Burstein*, 374 F. Supp. 2d 523, 527 (E.D. Ky. 2005).  The three domestic relations attorneys representing Defendants Anderson and Anderson-Kevelin at their respective divorce and P.P.O. cases were also not acting under of color of state law.  *See Catz v. Chalker*, 142 F.3d 279, 289 (6th Cir. 1998), *opinion amended on denial of reh'g*, 243 F.3d 234 (6th Cir. 2001), *overruled on other grounds as stated in Coles v. Granville*, 448 F.3d 853, 859 n.1 (6th Cir. 2006).

Accordingly, Plaintiff's claims against Defendants Anderson, Greenberg, Anderson-Kevelin, Kelly, and Worosz should be dismissed.[3]

### 2.     *Defendant McDonald*

Judges are generally entitled to absolute judicial immunity on claims for damages. *Mireles v. Waco,* 502 U.S. 9, 9-10, 11 (1991) (per curiam) (judge performing judicial functions is absolutely immune from suit seeking monetary damages even if accused of acting erroneously, corruptly, in bad faith, or maliciously).  Plaintiff acknowledges this principle and seeks only declaratory and injunctive relief for his claims against Judge McDonald.  (Docket no. 1 at 4, 62-67.)  The 1996 amendments to § 1983 extended absolute immunity for state judges to requests for injunctive or equitable relief.  *See* 42 U.S.C. § 1983 ("[I]n any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.").  The Sixth Circuit has recognized that declaratory relief is available against judicial officers for claims under § 1983, but it cautioned that such relief may not be appropriate in every case, explaining:

> Limits on the judicial power of federal courts stemming from accepted abstention doctrines, *see Pulliam,* 466 U.S. at 539, 104 S.Ct. 1970, *and Belill v. Hummel,* 835 F.2d 877, 1987 WL 24114, at *4 (6th Cir.1987), and the *Rooker-Feldman* doctrine, *see Exxon Mobil Corp. v. Saudi Basic Indus. Corp.,* 544 U.S. 280, 284, 125 S.Ct. 1517, 161 L.Ed.2d 454 (2005), may well counsel against granting relief in certain circumstances. Article III's case-or-controversy requirement, moreover, operates to ensure that declaratory relief is available only when a live controversy continues to exist. *See Md. Cas. Co. v. Pac. Coal & Oil Co.,* 312 U.S. 270, 273, 61 S.Ct. 510, 85 L.Ed. 826 (1941).

*Ward v. City of Norwalk*, 640 F. App'x 462, 467, 468 (6th Cir. 2016).  "In other words, 'determining whether the declaratory relief is available [under § 1983] ... turns on whether the judge[ ] can properly be named as a defendant' in light of abstention doctrines, the *Rooker-*

---

[3] Because Plaintiff's claims against Defendants Anderson and Greenberg are easily dismissed on this basis, the undersigned does not address the *res judicata* effects of Plaintiff's prior lawsuit against them.

*Feldman* doctrine, and the Article III mootness doctrine." *Mackey v. Berryman*, No. 17-CV-12359, 2019 WL 197000, at *6 (E.D. Mich. Jan. 15, 2019) (Friedman, J.) (quoting *Cooper v. Rapp*, 702 F. App'x 328, 333 (6th Cir. 2017)) (internal quotation marks omitted) (alterations in original).

Here, neither the declaratory relief nor the injunctive relief that Plaintiff seeks against Judge McDonald is available because the court lacks subject matter jurisdiction over Plaintiff's claims under the *Rooker-Feldman* doctrine. The *Rooker-Feldman* doctrine raises a jurisdictional bar that prohibits a federal district court from engaging in appellate review of state-court judgments. *See Rooker v. Fid. Trust Co.*, 263 U.S. 413 (1923); *D.C. Court of Appeals v. Feldman*, 460 U.S. 462 (1983). The United States Supreme Court has since clarified the scope of the *Rooker-Feldman* doctrine, holding that it is confined to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). In light of *Exxon*, the Sixth Circuit explained that the relevant inquiry in determining whether a claim falls within the scope of the *Rooker-Feldman* doctrine "is the source of the injury the plaintiff alleges in the federal complaint." *McCormick v. Braverman*, 451 F.3d 382, 393 (6th Cir. 2006). "If the source of the injury is the state court decision, then the *Rooker-Feldman* doctrine would prevent the district court from asserting jurisdiction. If there is some other source of injury, such as a third party's actions, then the plaintiff asserts an independent claim." *Id*. An independent claim will not divest a federal district court of subject matter jurisdiction, even if it may deny a legal conclusion of the state court. *Id*. at 392. To determine the source of the injury, a court must refer to the plaintiff's request for relief. *Berry v. Schmitt,* 688 F.3d 290, 299 (6th Cir. 2012) (quoting *Evans v. Cordray*, 424 F. App'x 537, 539 (6th Cir. 2011)).

As declaratory and injunctive relief, Plaintiff seeks termination of the P.P.O. issued by Judge McDonald, expungement of the records related to the P.P.O., and nullification of the divorce judgment and the orders related thereto entered by Judge McDonald.  (Docket no. 1 at 62-65.)  Alternatively, Plaintiff seeks an order for relief from the divorce judgment.  (*Id.* at 65-66.)  Plaintiff's prayer for relief makes clear that the P.P.O. and divorce judgment are the sources of his alleged injury, and to grant the relief that he seeks in this instance would require the court to reverse a state-court decision.  This is precisely the type of federal district court action prohibited by the *Rooker-Feldman* doctrine.

Moreover, courts have held that claims based on allegations like those Plaintiff has made against Judge McDonald "are clearly barred under *Rooker-Feldman*."  *Mackey*, 2019 WL 197000, at *6 (claims based on allegations that state-court judge issued P.P.O. improperly, without notice, without giving plaintiff an opportunity to be heard, out of political motivations, and in retaliation for plaintiff's political activities and expression "clearly barred") (citing *Zindler v. Rogers*, No. 1:11-cv-770, 2011 WL 4346393, at *6 (W.D. Mich. Aug. 23, 2011), *report and recommendation adopted*, No. 1:11-CV-770, 2011 WL 4346390 (W.D. Mich. Sept. 15, 2011), *aff'd* 477 F. App'x 381 (6th Cir. 2012) (concluding that plaintiff's claim regarding a state court P.P.O., among others, was barred by the *Rooker-Feldman* doctrine "to the extent that plaintiff is complaining about the unfairness of the process afforded to him in the state courts") and *Nicklay v. Eaton Cty. Circuit Court*, No. 1:08-CV-211, 2008 WL 2139613, at *2-3 (W.D. Mich. May 20, 2008) (determining that because the alleged source of plaintiff's federal injury was a P.P.O. issued by a state court, the court could not exercise jurisdiction under *Rooker-Feldman* to hear plaintiff's claim and alleged injury)).  Accordingly, Plaintiff's claims against Judge McDonald are barred by the *Rooker-Feldman* doctrine.

Furthermore, Plaintiff's request for declaratory relief from the P.P.O. is barred by Article III's case-or-controversy requirement, which "operates to ensure that declaratory relief is available only when a live controversy continues to exist." *Ward*, 640 F. App'x at 468. "In general a case becomes moot when the issues presented are no longer "live" or the parties lack a legally cognizable interest in the outcome." *Murphy v. Hunt*, 455 U.S. 478, 481 (1982) (citations and internal quotation marks omitted). *See also Carras v. Williams,* 807 F.2d 1286, 1289 (6th Cir. 1986) ("Mootness results when events occur during the pendency of a litigation which render the court unable to grant the requested relief.") Here, the P.P.O., by Plaintiff's own admission, expired on July 25, 2017. (*See* docket no. 1 at 19.) Therefore, Plaintiff's claim that he was deprived of due process by the issuance of the P.P.O. has been rendered moot by its expiration. *See Kundrat v. Halloran,* 206 F. Supp. 2d 864, 868 (E.D. Mich. 2002). The court cannot grant Plaintiff relief from an already expired order.

For these reasons, the declaratory relief (and injunctive relief) Plaintiff seeks is not available under *Rooker-Feldman* doctrine and Article III, and Judge McDonald therefore is not amenable to a suit for such relief under § 1983. Accordingly, Judge McDonald is entitled to absolute judicial immunity from Plaintiff's claims, and those claims should be dismissed.

### 3. *Defendant Peters*

Plaintiff's lawsuit against Defendant Peters for obtaining the arrest warrant against Plaintiff by making false and perjured statements is also subject to dismissal. In *Heck v. Humphrey*, the U.S. Supreme Court held that "in order to recover damages for [an] allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal

authorized to make such [a] determination, or called into question by a federal court's issuance of a writ of habeas corpus.  512 U.S. 477, 486-87 (1994) (footnote and citation omitted).  When faced with such a claim for damages, the district court must determine "whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence." *Id*. at 487.  If so, "the complaint must be dismissed." *Id.*  The Sixth Circuit has held that "a challenge to a criminal investigation that led to a conviction necessarily challenges the validity of the conviction, and therefore falls within the *Heck* framework." *Morris v. City of Detroit*, 211 F. App'x 409, 411 (6th Cir. 2006) (citing *Dusenbery v. Graves,* No. 97-4387, 1999 WL 617932, at * 1 (6th Cir. Aug. 12, 1999)).  To accept Plaintiff's factual allegations regarding the arrest warrant as true and make a finding for Plaintiff in this regard would necessarily imply that his conviction for criminal sexual conduct is invalid. *Heck* and *Morris* specifically bar such a result.  Accordingly, because Plaintiff has presented no evidence that his conviction has been reversed or otherwise declared invalid, and the Court finds none, Plaintiff's claims against Defendant Peters are barred by *Heck* and should be dismissed.

To the extent that Plaintiff sues Defendant Peters for testifying falsely against him at the P.P.O. hearings and at his criminal trial, Plaintiff is not entitled to relief.  The Sixth Circuit has noted that "all witnesses—police officers as well as lay witness—are absolutely immune from civil liability based on their trial testimony in judicial proceedings." *Moldowan v. City of Warren*, 578 F.3d 351, 390 (6th Cir. 2009) (citing *Briscoe v. LaHue,* 460 U.S. 325, 328 (1983).  Plaintiff is not entitled to maintain an action against Defendant Peters because of alleged perjury in his state court proceedings.

### 4.    *Plaintiff's Criminal Claims*

Plaintiff alleges that Defendants Anderson and Greenberg committed mail fraud and wire fraud in violation of 18 U.S.C. §§ 1341 and 1343.  (Docket no. 1 at 31-32.)  He also alleges that Defendant McDonald committed criminal judicial conduct by aiding and abetting Defendants Anderson and Greenberg to commit mail fraud and wire fraud.  (*Id*. at 1.)  Plaintiff further alleges that "certain individuals" committed state law crimes of perjury, subordination of perjury, conspiracy, obstruction of justice, and computer crimes.  (*Id*.)  Criminal statutes do not provide Plaintiff with a private cause of action.  As United States Magistrate Judge David R. Grand informed Plaintiff in the previous lawsuit he filed against Defendants Anderson and Greenberg,

> the law does not allow a private citizen to "charge" other citizens with criminal offenses in a civil rights lawsuit filed in federal court. "In our system, ... the decision whether or not to prosecute, and what charge to file or bring before a grand jury, generally rests entirely in [a prosecutor's] discretion."

*Chaplin v. Anderson, et. al.,* No. 5:17-cv-13139, ECF no. 15 (E.D. Mich. Nov. 17, 2017) (Grand, M.J.) (quoting *Greenlee v. Greenlee*, No. 03-10261-BC, 2005 WL 1030334, at *5 (E.D. Mich. Apr. 26, 2005) (quoting *Bordenkircher v. Hayes,* 434 U.S. 357, 364 (1978))).  Accordingly, Plaintiff's criminal claims should be dismissed.[4]

### 5.    *Plaintiff's State Law Claims*

Plaintiff also raises state law civil claims of libel, slander, and fraud.  (Docket no. 1 at 1.) 28 U.S.C. § 1367(c)(3) provides that the court may decline to exercise supplemental jurisdiction over a claim if the court has dismissed all claims over which it has original jurisdiction.  *See also Musson Theatrical, Inc. v. Fed. Express Corp.*, 89 F.3d 1244, 1254-55 (6th Cir. 1996) ("When all federal claims are dismissed before trial, the balance of considerations usually will point to

---

[4] Plaintiff's mail fraud and wire fraud claims against Defendants Anderson and Greenberg are also subject to dismissal under the principles of *res judicata*.

dismissing the state law claims, or remanding them to state court if the action was removed."). Because the undersigned has recommended dismissal of all of Plaintiff's federal claims, the undersigned further recommends that the court decline to exercise supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367(c)(3).

### C.      Conclusion

For the reasons stated herein, Plaintiff's Complaint should be **DISMISSED** in its entirety for failure to state a claim as required by 28 U.S.C. § 1915(e)(2)(B)(ii), and Plaintiff's pending Motions for Declaratory Relief, Injunctive Relief, and Relief from Judgment (docket nos. 4, 5, 6) should be **DENIED** as moot.

## III.      NOTICE TO PARTIES REGARDING OBJECTIONS

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and Eastern District of Michigan Local Rule 72.1(d). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Howard v. Sec'y of Health & Human Servs.,* 932 F.2d 505 (6th Cir. 1991); *U.S. v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n Of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Any objections must be labeled as "Objection #1," "Objection #2," etc. Any objection must recite *precisely* the provision of this Report and Recommendation to which it pertains. Not

later than fourteen days after service of an objection, the opposing party must file a concise response proportionate to the objections in length and complexity.  The response must specifically address each issue raised in the objections, in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.

Dated:  February 13, 2019      <u>s/ Mona K. Majzoub</u>
                                      MONA K. MAJZOUB
                                      UNITED STATES MAGISTRATE JUDGE

## <u>PROOF OF SERVICE</u>

I hereby certify that a copy of this Report and Recommendation was served upon Plaintiff David Chaplin on this date.

Dated:  February 13, 2019      <u>s/ Leanne Hosking</u>
                                        Case Manager